IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARREN WILLIAM HATHCOAT, PRO SE, | § | |
| TDCJ-CID No. 1630257, | § | |
| Previous TDCJ-CID No. 566720, | § | |
| Previous TDCJ-CID No. 749906, | § | |
| Previous TDCJ-CID No. 1016000, | § | |
| Previous County No. 7183, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0052 |
| | § | |
| DON COPELAND, Gray County Sheriff; | § | |
| SHELLY McCARN, Gray County | § | |
|   Sheriff Office Administrator; and | § | |
| LISA PARMEN, Gray County | § | |
|   Sheriff Office Assistant Administrator, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DARREN WILLIAM HATHCOAT, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Due to plaintiff's failure to sign his original complaint, plaintiff was ordered to file an amended, signed, complaint on the form provided by the Court. Plaintiff filed his Amended Complaint December 22, 2011.

By his Amended Complaint, plaintiff alleges that, while detained at the Gray County Jail, he was required to eat off a styrofoam tray and was refused utensils from May 2009 to March 3, 2010. He says he had to eat with his bare hands.

Plaintiff requests an award of $1,000,000.00 for the demoralization and mental anguish he suffered.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The sole relief requested by plaintiff is monetary and is based on plaintiff's mental anguish. The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has presented no physical injury to on which to base a monetary award for mental injury.

Plaintiff's pleadings do not assert any facts showing he was physically harmed in any way by the alleged acts or omissions of the defendants.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DARREN WILLIAM HATHCOAT is DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _12th_ day of January, 2011. 1/12

_____
MARY LOU ROBINSON
United States District Judge